{¶ 1} This matter came before the Court for consideration of Appellee's Motion to Dismiss for lack of a final appealable order and Appellant's response in opposition.
 {¶ 2} The case sub judice involves an appeal from an appraisal and recommended maintenance assessment for Appellant's real property located within the Muskingum Watershed Conservancy District. The Muskingum Watershed Conservancy District was established pursuant to R.C. 6101 (The"Conservancy Act"). The Conservancy Act of Ohio confers jurisdiction, power and authority on the Courts of Common Pleas of any county in Ohio to establish conservancy districts provided certain conditions, as set forth in the Act, exist. The Watershed District consists of 18 counties subject to jurisdiction in the Tuscarawas County Court of Common Pleas.
 {¶ 3} Recently, the Conservancy Board of Directors has been working toward an official plan to levy a maintenance assessment on residential, agricultural and public and corporate real estate parcels within the district. The overall assessment plan is reviewed by a Board of Appraisers who appraise all the benefits and damages which may accrue if the plan is executed. This evaluation includes recommended assessments to property owners, compensation for anticipated damages and the value of compensation for property to be taken.
 {¶ 4} When the plan is approved, a "Conservancy Appraisal Record" is filed in the Court of Common Pleas and published in each county in the conservancy district. Each individual county then has an established procedure for a magistrate's hearing on exceptions to the plan and further objections to a magistrate's decision before a three Judge panel. R.C.6101.07. Landowners filing exceptions may challenge any number of *Page 3 
things including the reasonableness of the methodology of the property appraisal, errors in the assessment calculation, or any other issues they may perceive as being unconstitutional, improper, or inequitable. R.C. 6101.33. However, failure to file an exception acts as a waiver and acceptance. This statutorily enacted exception stage provides an "appeal process" for landowners who object to an individual assessment amount.
 {¶ 5} After all the exceptions and objections have been heard and determined, the Conservancy Court considers whether the total appraised benefits exceed the estimated costs of improvements. If costs are less than benefits, the plan is approved and the assessment is levied. If the costs are more than the benefits, then the Conservancy Court must disprove the plan and may return it to the Board of Directors of the conservancy district with an order for it to prepare new or amended plans or it may disorganize the district. R.C. 6101.34; R.C. 6101.53. When a flood control improvement is lawfully established and the lands within the conservancy district are duly appraised, the rights of the parties whose properties must bear the assessment become fixed with respect to appraised value as of the time of the decree of the Conservancy Court approving appraisals, and the adjudication of the court is res judicata as to all owners of property appraised. State exrel. Gross v. Board of Directors of Miami Conservancy Dist. (1943), 141 Ohio St. 52, 59, 46 N.E.2d 407.
 {¶ 6} Accordingly, for individual property owners there is no inherent right to appeal from the Conservancy Court's judgment unless the right is conferred by the constitution or by statute. As an exception, the Conservancy Act specifically states that the Conservancy Court's determination is "final and incontestable", unless the *Page 4 
improvements are likely to cause damage to the property or the property must be taken to accomplish the plan. R.C.6101.34. In which case, owners may be entitled to a jury trial to determine the value of compensation. R.C. 6101.35. Otherwise, property owners may be limited to appeals from the Conservancy Court approval to matters regarding procedural irregularity or defects in the approval process; whether the overall findings were inequitable or lacked uniformity; or whether the determination as to the aggregate cost benefits analysis was incorrect.Muskingum Watershed Conservancy District v. Clow (1937)57 Ohio App. 132, 12 N.E.2d 419. Otherwise, where it is determined that the Board of Appraisers and the Conservancy Court in appraising Conservancy District had adopted rules, which were uniform and not inequitable, governing benefits, the rules will be approved, notwithstanding that individual assessments appear to be inequitable and unjust. Id.
 {¶ 7} In this case, Appellant filed an exception to the Conservancy Appraisal Record for individual parcels. The Muskingum Watershed Conservancy District filed a motion for summary judgment which was unopposed. The three Judge panel then granted summary judgment as to the Watershed District on Appellant's exception. Appellant then filed an appeal of the summary judgment to this Court. Appellee argues that the order from which Appellant seeks to appeal is not a final appealable order. We agree.
 {¶ 8} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and *Page 5 
appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 9} Revised Code 2505.02(B) defines final orders as follows: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 12} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 16} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 17} In this case, there is another level of review before the Conservancy Appraisal Record is confirmed. The final decision to confirm must be made upon review by the entire Conservancy Court. While the language of the statute states that the *Page 6 
confirmation by the Conservancy Court is "final and incontestable", it does not preclude certain reviews of the procedure for assessments or compensation for damages to, or the taking of, property. Therefore, the grant of summary judgment by the three Judge panel, while it does affect a substantial right, it does not in effect determine the action. For these reasons, the Court hereby grants Appellee's Motion to Dismiss and, accordingly, dismisses Appellant's appeal for lack of jurisdiction.
 {¶ 18} MATTER DISMISSED.
By: Wise, P.J.
Edwards, J. and
Delaney, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the Motion to Dismiss filed by of Appellee is granted. Cause dismissed. Costs taxed to Appellant. *Page 1